## BARBER v. TECHE GREYHOUND LINES.
### Civ. No. 384.

United States District Court,
N. D. Florida, Tallahassee Division.
Oct. 22, 1953.

John C. Ausley, Tallahassee, Fla., for plaintiff.

Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This is a suit by plaintiff to recover damages for injuries she claims to have suffered as a result of the careless and negligent manner in which the defendant's agent operated one of defendant's buses while she was a passenger thereon. The complaint alleges and the evidence shows that late at night on May 27, 1952 plaintiff boarded one of defendant's buses at Pensacola, Florida as a paying passenger traveling to Tallahassee, Florida. About 2:00 a. m. o'clock on May 28, 1952, while the bus was enroute from Pensacola to Marianna, Florida, its destination, two black mules suddenly loomed up out of the ditch heading towards the highway about 75 feet in front of the bus. The evidence shows that the bus was traveling at a speed somewhere between 45 and 55 miles per hour at the time. The mules, becoming frightened when the operator applied the brakes, ran off in the direction in which the bus was traveling, crossed the highway and disappeared on the other side of the road. The operator applied the brakes to avoid striking the mules. Plaintiff, who was asleep in one of the seats of the bus, fell to the floor as the result of the application of the brakes and the slowing down of the bus to keep from hitting the mules. There were thirteen passengers on the bus at the time and the bus driver was not aware that any one had been injured until he arrived at Marianna, Florida. He never brought the bus to a complete stop at the time he encountered the mules on the highway.

■ In 1949 the Florida Legislature passed an Act, which became effective July 1, 1950, prohibiting livestock running at large or straying upon the public roads. Included in the definition of livestock are mules. Section 588.14, F.S.A. reads as follows:

"No owner shall permit livestock to run at large on or stray upon the public roads of this state."

Section 588.15 reads as follows:

"Every owner of livestock who intentionally, wilfully, carelessly or negligently suffers or permits such livestock to run at large upon or stray upon the public roads of this state shall be liable in damages for all injury and property damage sustained by any person by reason thereof."

Section 588.15 does not, of course, exempt defendant from liability for its own negligence, even though the owner of. livestock is made liable to plaintiff for injuries suffered by her as the result of the livestock illegally straying upon the highway. Defendant contends that the sudden emergency doctrine, which is recognized in Florida, Loftin v. Anderson, Fla., 66 So.2d 470, is applicable and controlling in this case.

■ The question before the court is whether, in view of the state of the evidence, defendant is in position to claim advantage of the sudden emergency doctrine. The rule is settled that it cannot be invoked if the emergency, which necessitated the sudden application of brakes, resulted from the negligence of the bus driver, either for his failure to keep a proper look-out or his negligent application of the brakes to avoid striking the mules.

■ The answer to this question may only be determined upon the evidence presented in this case. The law applicable to the prohibition of livestock upon public highways in Florida had been in effect practically two years when this accident happened. The bus driver testified that he occasionally encountered cows on the highway, in violation of the law, but that he had never before encountered any mules on the highway. The mere fact that the law makes it illegal for the owner of livestock to permit them to run loose on the highway does not absolve the defendant from liability. The duty of maintaining a careful look-out for livestock and of avoiding an accident by collision therewith still rests upon every bus driver operating a bus in the State of Florida. The question here is whether the bus driver exercised due care, under the circumstances in this case.

■ The evidence shows that this accident occurred about 2:00 a. m. o'clock on a clear night where vision was not obstructed by fog. The evidence further shows that the mules were as black as the night and that when the bus driver first saw them they were coming out of a ditch alongside the highway on to the highway. The evidence further shows that there was a fence approximately 25 feet from the right-hand edge of the pavement of the highway and that bushes and trees had grown up along the fence line. This condition was sufficient to completely obliterate the mules from view of the bus driver until they came into his vision in his headlights, just prior to the time they ran upon the highway. The court, therefore, finds that the bus driver was not negligent in failing to observe the mules prior to the time he did observe them and applied his brakes. The evidence is uncontradicted that the mules, when first observed, were approximately 75 feet in front of the bus, fortunately going in the same direction as the bus was traveling. The bus driver owed a duty to every passenger on that bus not to hit those mules and bring about an accident, if the same could be avoided. It was a case in which prompt action was required to avoid the accident and the bus driver was fortunate, under the circumstances, not to collide with the mules. Had he done so what might have happened to the bus and passengers riding thereon is, of course, mere speculation, but it could have been serious.

The court, on this state of evidence, finds and holds that the doctrine of sudden emergency is applicable in this case and the bus driver was not guilty of negligence in the operation of the bus. No other grounds of negligence are claimed. The court therefore finds and holds plaintiff may not recover in this case as she is only entitled to recover in case negligence on the part of defendant's agent is established by the evidence.

A judgment will be entered herein in conformity with this Memorandum Decision.